# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR514-013 |
| | ) | |
| v. | ) | |
| | ) | |
| ERVIN JAMAAL WESTLEY | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on October 8, 2013, a federal grand jury sitting in the Southern District of Georgia returned a two-count Indictment against Defendant Ervin Jamaal Westley charging violations of 18 U.S.C. § 2252A(a)(2) (Count One – Receipt of Child Pornography); and 18 U.S.C. § 2252A(a)(5)(B) (Count Two – Possession of Child Pornography) in Case No. CR513-019 (the "Indictment");

WHEREAS, the Indictment sought forfeiture pursuant 18 U.S.C. § 2253(a)(3) of any property used or intended to be used to commit or to promote the commission of the offenses charged in the Indictment or any property traceable to such property, including but not limited to any computers and computer storage media seized in relation to that matter;

WHEREAS, on July 24, 2014, the Government filed a one-count Information against the Defendant in Case No. CR514-013 charging a violation of 18 U.S.C. § 1462 (Count One – Importation and Transportation of Obscene Material) (the "Information");

WHEREAS 18 U.S.C. § 1467(a) provides that a person who is convicted of an offense involving obscene material under Title 18, United States Code, Chapter 71

(including but not limited to 18 U.S.C. § 1462) shall forfeit to the United States such person's interest in (1) any obscene material produced, transported, mailed, shipped, or received in violation of said chapter; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense;

WHEREAS, on September 19, 2014, pursuant to a written plea agreement, the Defendant pled guilty to Count One of the Information, charging a violation of 18 U.S.C. § 1462;

WHEREAS, pursuant to his plea agreement and 18 U.S.C. § 1467, the Defendant agreed to forfeit to the United States all right, title and interest in the following property seized from his residence on September 9, 2013, as property used or intended to be used to commit or to promote the commission of the offense to which he entered a plea of guilty:

1. Western Digital Caviar Green 500GB hard disk drive, SN WCAV56063340;

2. Western Digital Caviar SE 80 GB hard disk drive, SN WCAM9K272535;

3. 20 GB Seagate Barracuda ST320011A Hard disk drive, SN 3HT2TNMF;

4. 3 Micro SD cards of various makes, one each of 64MB, 2GB, and 4GB;

5. 1GB PNY Attache USB Flash Drive with no visible serial number;

6. 1GB AVB USB Flash Drive, serial number 02G-03D;

7. 1TB Western Digital My Book Essential external hard drive, SN WMAZA5389728;

8. HP Pavilion DV100 Laptop computer, SN CNF54925S5, containing an 80GB Seagate Momentus hard drive, SN 3LF2ZHJX;

9. Compaq desktop computer, SN U145BB72A150;

10. Compaq Presario desktop computer, SN CNH54207WA, containing an 160GB Samsung hard drive, SN S013J10Y906932; and

11. Sanyo Television, SN B0081126013755

(the "Subject Property");

WHEREAS, the Defendant hereby agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant 18 U.S.C. § 1467 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the above-described Subject Property and the offense committed by the Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or

disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order. No such notice or ancillary proceeding is necessary to the extent that this Order consists solely as a judgment for a sum of money. *See* Fed. R. Crim. P. 32.2(c)(1).

4. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right,

title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

7. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Nancy C. Greenwood, United States Attorney's Office, P.O. Box 2017, Augusta, Georgia 30903.

Date: Aug. 5, 2015

HON. WILLIAM T. MOORE, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

Nancy C. Greenwood

Assistant United States Attorney
Georgia Bar Number 309179

P.O. Box 2017
Augusta, Georgia 30903
706-724-0517

Date: 8/5/15

*Ervin Jamaal Westley*
Ervin Jamaal Westley
Defendant

*Kristi Lynn Lowery, Esq.*
Attorney for the Defendant

Date: _____